Gaston, Judge
 

 having stated the case as above, proceeded.' — If under the circumstances stated, the negroes became the property of the children living at the death of their grandfather, the representative of the deceased child ought to be brought before the Court; and then as the father would be the sole next of kin of the deceased child,
 
 *588
 
 the plaintiff could claim no part of his share. But as there is no difficulty in the question on which our opinion is asked, we shall not defer it, because of any formal defects in the proceedings.
 

 The case
 
 ofStallings
 
 v.
 
 Stal-lings, 1
 
 Dev. Eq. Rep. 298, •approved.
 

 The act of 1806, (1
 
 Rev. Stat.
 
 c. 37, sec. 17,) in general terms makes void all parol gifts of slaves ; and then excepts the case where a parent shall have put a slave in the possession of a child, and shall afterwards die intestate, without having resumed such possession. In this case the act declares that the slave shall be considered an advancement made by the parent to his child. In the construction of this act, a question occurred, at
 
 what time,
 
 was the advancement made? Was it when the possession was given, or at the moment of the parent’s death ? It was solemnly decided that the advancement was made when the slave was placed with the child — that this act was either a gift subject to revocation by the parent, or a gift inchoate and imperfect, but afterwards consummated by the parent dying intestate without having disturbed the possession — and that in either point of view, when rendered irrevocable or when consummated, it became in law an absolute gift from the commencement.
 
 Stallings
 
 v.
 
 Stallings,
 
 1 Dev. Eq. Rep. 298. This decision, which has never been controverted, determines the question submitted to us. The advancement was a gift of the slaves now claimed by the plaintiff, to his mother, while she was the wife of the defendant, and therefore in law, a gift to the defendant.
 

 This declaration will be made, and the account asked and submitted to is to be taken before a commissioner to be agreed on by the parties.
 

 Pbk Cueiam. Decree accordingly.